Christopher McKenzie, Executive Director League of Kansas Municipalities 300 S.W. 8th Topeka, Kansas 66603-3912
Dear Mr. McKenzie:
On behalf of the member cities of the League of Kansas Municipalities, you request that we reconsider a portion of Attorney General Opinion No.96-38 in which we concluded that the neighborhood revitalization act requires municipalities to remit revitalization tax rebates to the property owner who improved the property regardless of whether the property is sold.
The neighborhood revitalization act was enacted in 1994 and is designed to improve blighted areas in municipalities by encouraging property owners to improve their properties through the use of property tax rebates. The act authorizes a municipality to designate an area as a neighborhood revitalization area and then develop a revitalization plan. K.S.A. 1995 Supp. 12-17,116, as amended by L. 1996, ch. 228, § 9; K.S.A. 1995 Supp. 12-17,117, as amended by L. 1996, ch. 228, § 10. A neighborhood revitalization fund is created and any increment in ad valorem property taxes resulting from the improvements by a taxpayer to his or her property in the revitalization area is credited to the fund and used to return all or a part of the incremental increase to the taxpayer in the form of a rebate. K.S.A. 1995 Supp. 12-17,118, as amended by L. 1996, ch. 228, § 11.
When we addressed the issue of who would receive the tax rebate on revitalized property, we reviewed K.S.A. 1995 Supp. 12-17,118(d) which at that time provided:
 "(d) Any increment in ad valorem property taxes levied by the municipality resulting from improvements by a taxpayer to property in a revitalization area may be credited to the fund for the purpose of returning all or a part of the property increment to the taxpayer in the form of a rebate. Applications for rebates shall be submitted in the manner and subject to the conditions provided by the revitalization plan. . . . Upon approval of an application received hereunder the municipality shall rebate any incremental increases in ad valorem property tax resulting from the improvements within 30 days of payment by the taxpayer." (Emphasis added).
In Attorney General Opinion No. 96-38, we responded to the query whether the act allows rebates to a subsequent owner of revitalized property when the property is sold by the taxpayer who improved it. We concluded that "the rebate is paid to the taxpayer who actually made the improvement to the property and, therefore, the rebate should be paid to the taxpayer regardless of whether the property is sold."
Your letter indicates that the municipalities which are utilizing the neighborhood revitalization act calculate the tax rebate by determining the difference between the appraised property value before and after the improvement is made. That difference is multiplied by the mill levy to establish the rebate amount. Generally, the rebate is spread over a period of five to ten years so it is not uncommon for the original taxpayer who used his or her resources to improve the property to sell it prior to the expiration of the rebate period. In our former opinion we concluded that the rebate should be paid to the original taxpayer who improved the property because we determined that the legislative intent was to reward the individual who used his or her resources to improve the property. Minutes, House Committee on Local Government, Attachment 4 (Feb. 8, 1994). Our conclusion was also based upon the dearth of legislative history addressing a subsequent sale situation. Finally, there is the rule of statutory construction that treats identical words or terms used in the same statute as having the same meaning in the absence of anything in the context to indicate that a different meaning was intended. Williams v. Board of Education, 198 Kan. 115, 125 (1967). We assumed that the "taxpayer" identified in the first part of the first sentence of subsection (d) was the same taxpayer identified in the last part of that sentence [i.e. the taxpayer who makes the improvements is the same taxpayer who gets the rebate.] The problem with our analysis in Attorney General Opinion No. 96-38 lies in the nature of a tax rebate which is an amount returned to a taxpayer after he/she has made full payment of the tax. Deluxe Black's Law Dictionary 1266 (6th ed.). In short, only a person who pays taxes is entitled to a rebate on those taxes. So, the taxpayer who made the original improvement and then sells the property is no longer a taxpayer for purposes of receiving the rebate on that particular piece of property. The statutory rule of construction involving identical words in the same statute having the same meaning yields whenever there is a variation in the connection in which the words are used to warrant the conclusion that they are employed with different meanings. 73 Am.Jur.2d Statutes § 232.
We are also mindful of the legislative intent to stabilize blighted neighborhoods by rehabilitating older homes and providing affordable housing which can be satisfied by enabling persons with limited financial resources to purchase houses that are eligible for revitalization tax rebates. Evidently, there are churches and non-profit organizations like Habitat for Humanity that puchase homes in revitalization areas and improve them for the purpose of selling them to low-income individuals. The tax rebate serves as an incentive to purchase these homes. So, while there are some property owners who will improve their homes and businesses because they know they won't be penalized by having to pay higher property taxes for a period of time, there are also those property owners who will improve their properties and then sell them, using the rebate as a sales incentive and realizing an increased sales value. In either case, the result is the same because properties in blighted areas are being improved resulting eventually in a higher tax base and affordable housing is more readily available.
Consequently, it is our opinion that the legislative intent of the neighborhood revitalization act is better met if the revitalization tax rebate is payable to the owner of the property or the person who is liable to pay the taxes pursuant to K.S.A. 79-1804. In this regard, the conclusion to the contrary stated in Attorney General Opinion No. 96-38
is withdrawn.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm